813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Haywood ISAAC, Appellant.
 No. 84-5080.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 26, 1986.
Decided Aug. 20, 1986.
 
 Before WINTER, Chief Judge, and SPROUSE and WILKINSON, Circuit Judges.
 Benjamin Lipsitz for appellant.
 Glenda G. Gordon, Assistant United States Attorney, J. Frederick Motz, United States Attorney, Donna Helen Tripton, Assistant United States Attorney on brief for appellee.
 PER CURIAM:
 
 
 1
 On remand from the Supreme Court, we reconsider our judgment in the light of Henderson v. United States, 476 U.S. ---- (1986).
 
 I.
 
 2
 After conviction of armed bank robbery, Haywood Isaac appealed contending that he was arrested unlawfully, that his illegal arrest tainted the subsequent search and seizure of personal property used as evidence to convict him and that his rights under the Speedy Trial Act were denied him when the district court excluded from the period during which he awaited trial the 158 days between the date of filing of Isaac's motion to suppress the use of allegedly illegally seized evidence and the date of decision denying that motion. When the period of 158 days is excluded, Isaac was tried within the 70 days prescribed by the Act. Finding no merit in any of Isaac's contentions, we affirmed the judgment of conviction. United States v. Isaac, No. 84-5080 (4 Cir., May 7, 1985) (unpublished).
 
 
 3
 Isaac then sought certiorari from the Supreme Court. In an order entered May 27, 1986, the Supreme Court granted his petition, vacated our judgment and remanded the case "for further consideration in light of Henderson v. United States, 476 U.S. ---- (1986)."
 
 II.
 
 4
 We have sought and considered the comments of counsel with regard to the scope of reconsideration in compliance with the order. Counsel are agreed, and we concur, that the holding in Henderson which is pertinent here is the ruling that Congress intended to exclude from the Act's 70-day limitation on the maximum period between the later of indictment or arraignment and the beginning of trial all time between the filing of a pretrial motion and the final disposition of that motion whether or not it can be said that a delay in final decision of the motion was reasonably necessary. When applied to the instant appeal, that ruling compels the conclusion that Isaac's rights under the Act were not violated. When the period of time between the date of filing of Isaac's motion to suppress (August 4, 1983) and the date of the district court's denial of the motion (December 9, 1983) is excluded, it appears that Isaac was tried (January 9, 1984) only 27 days after he was arraigned (July 8, 1983).
 
 
 5
 In commenting on Henderson, Isaac's counsel, in response to the wishes of his client, also seeks to raise a new Speedy Trial Act issue, namely that, in violation of the Act, 18 U.S.C. Sec. 3161(b), the indictment was not returned against him within 30 days after his arrest. The contention was not advanced in the district court nor was it made in the prior appeal. We therefore decline to consider it now. Moreover, we note that while the date of Isaac's arrest (April 19, 1983) and the date his indictment for bank robbery was filed (June 21, 1983) appear in the record, the other facts to be considered in determining whether there was a violation of Sec. 3161(b) have not been developed. We conclude however that it is too late for a remand in this regard. Isaac has simply waived the issue.
 
 III.
 
 6
 For the reasons set forth in our opinion in the previous appeal and those expressed above, the judgment of the district court is
 
 
 7
 AFFIRMED.